## DUNCAN et al. v. ALLEN et al.  (6 Div. 641.)

(Supreme Court of Alabama.   March 21, 1926.
Rehearing Denied May 13, 1926.)

I. Sales ⊙⇒81 (6).

Contract, calling for delivery during designated months, permits seller to deliver at any time during such months.

2. Sales ⊙⇒81 (6).

Contract for sale of oats for July and August delivery *held* unambiguous, and to require delivery at any time during such months.

3. Trial ⊙⇒145.

Refusal of plaintiffs' request for general charge as to defendants' pleas, which were not proven, *held* error.

Appeal from Circuit Court, Jefferson County; R. V. Evans, Judge.

Action by T. P. Duncan and J. M. Haigler, partners doing business as Texas Grain & Hay Company, against C. A. Allen and Kelly Murphy, partners doing business as Allen & Co. From a judgment over for defendants, plaintiffs appeal. Transferred from the Court of Appeals under Code 1923, § 7326. Reversed and remanded.

Erle Pettus, of Birmingham, for appellants.

The question of the interpretation of the contract was for the court, and not the jury. Learned-Letcher Lbr. Co. v. Fowler, 109 Ala. 109, 19 So. 396; Humes v. O'Bryan, 74 Ala. 64; Nashville R. Co. v. Camper, 201 Ala. 581, 78 So. 925. Evidence of custom was not admissible. Sheffield Co. v. Hull, 101 Ala. 447, 14 So. 672; Mobile, etc., R. Co. v. Bay Shore L. Co., 165 Ala. 610, 51 So. 956, 138 Am. St. Rep. 84; Florence Wagon Wks. v. Asphalt Co., 145 Ala. 677, 40 So. 49; Elliott v. Howison, 146 Ala. 568, 40 So. 1018; Borden v. Vinegar Bend, 7 Ala. App. 335, 64 So. 245; Pratt Co. v. Short, 191 Ala. 378, 68 So. 63. A contract calling for delivery during designated months permits the seller to deliver at any time during said months. Baker v. Lehman, 186 Ala. 493, 65 So. 321; 35 Cyc 177, 182; 23 R. C. L. 1365; Dingley v. Oler, 117 U. S. 490, 6 S. Ct. 850, 29 L. Ed. 984.

David S. Anderson and Thos. J. Wingfield, both of Birmingham, for appellees.

Whenever there is doubt as to the true construction to be placed upon a contract, the acts of the parties with reference to it may be looked to; the evidence offered to explain the terms used was properly admitted. Turner v. Hartsell, 5 Ala. App. 607, 58 So. 951; Comer v. Bankhead, 70 Ala. 136; Crass v. Scruggs, 115 Ala. 258, 22 So. 81; Cassells' Mill v. Strater, 166 Ala. 274, 51 So. 969; 7 Mayfield's Dig. 170; 1 Greenleaf on Evi. 278; 3 Michie's Ala. Dig. 333; 13 C. J. 544.

ANDERSON, C. J.  The plaintiffs brought suit against the defendants as for a breach of contract for a failure to accept and pay for a certain shipment of oats made in August under a contract hereinafter set forth and discussed. Whether the oats were, or were not shipped within the time prescribed by the contract, the defendants also contended that they did not come up to the grade provided by the contract, and may have defeated a recovery against them upon this ground. At any rate, counsel, in brief, do not seem to question the judgment in favor of the defendants upon the main suit, but the defendants also interposed pleas of recoupment as for a breach of the contract by the plaintiffs and recovered a judgment over, and the insistence of error relates more directly to this branch of the case, and which involves a construction of the contract, especially as to the time of delivery.

The contract was made by telegrams, and, while in the code or cypher form, there is no controversy as to the proper translation of same. The defendants sent plaintiffs the following telegram:

"Birmingham, Ala., July 16th, 1919.

"Texas Grain & Hay Co., Waco, Texas.

"Wire lowest price ten thousand bushels of number three red and number three red clipped oats even weight July and August.

"Allen & Company." ;.

Plaintiffs replied:

"Waco, Texas, 7—16—19.

"Allen & Company, Birmingham, Ala.

"Offer ten thousand bushels each number three red seventy cents number three clipped seventy two cents, f. o. b., Waco, July and August delivery, sellers option. Wire answer."

Defendants replied:

"Book ten thousand each number three red seventy number three clipped oats seventy two even weight f. o. b. Waco July and August delivery."

The trial court seems to have proceeded upon the idea that the seller was bound under the contract to deliver a part of the oats in July and a part in August and because 5,000 bushels of each grade were not delivered in July the plaintiffs breached the contract.

[1, 2] A contract which calls for delivery during designated months permits the seller to deliver at any time during the specified months. Baker v. Lehman Co., 186 Ala. 493, 65 So. 321. "Where delivery is to be made between certain dates, the seller is not bound to deliver until the last day." 35 Cyc. 177. Under an agreement for delivery "in the months of June, July, and August, 1918," the New York court held that the seller had the option to make the delivery at any time within the three months. Crown Embroidery Works v. Gordon, 190 App. Div. 472, 180 N. Y. S. 158. See, also, Harmon v. Washington

Fuel Co., 228 Ill. 298, 81 N. E. 1017. This being the well-established meaning of the contract in question as fixed by the authorities, including our own case of Baker v. Lehman, 186 Ala. 493, 65 So. 321, which was decided several years before the present contract was made, there was no such uncertainty or ambiguity as to authorize resort to custom or an intepretation by the parties to ascertain the meaning of same.

[3] Pleas 7 and 8, having averred that, under the terms of the contract, the plaintiffs undertook to deliver one-half of the oats in July, were not proven, and the trial court erred in refusing the general charge requested by the plaintiffs as to said pleas, charges 2 and 3.

As to whether or no the plaintiff breached the contract by not delivering all the oats by the end of August or was excused from doing so by the defendants' refusal to receive the shipment that was made, we are not called upon to decide, as the pleas of recoupment, 7 and 8, proceed upon the theory that the breach consisted of a failure to deliver one-half of the oats in July.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

SOMERVILLE, MILLER, and BOULDIN, JJ., concur.